## Bosak State Bank *v.* Old Forge Boro.
### (Durkin et al., Appellants).

Argued May 25, 1932. Before FRAZER, C. J., SIMPSON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Paul G. Collins* and *M. J. Martin,* with them *Ralph T. Lynch,* for appellants.

*Frank E. Donnelly,* with him *Wm. A. Schnader,* Attorney General, and *Shippen Lewis,* Special Deputy Attorney General, for Bosak State Bank, appellee.

OPINION BY MR. JUSTICE SCHAFFER, September 26, 1932:

This case is a companion of Scranton Electric Co. v. Boro. of Old Forge, in which the opinion is handed down herewith. The principles there announced as controlling are determinative in appellee's favor on the facts which the record discloses and which will be briefly reviewed.

On March 24, 1925, the Bosak State Bank loaned to the Borough of Old Forge on the latter's promissory note the sum of $7,000. For the balance due, as shown by a renewal note, the bank obtained judgment on June 24, 1931, for $5,500. The original loan was made to the borough to be paid into the sinking fund in pursuance of an ordinance, which recited that the borough council had authorized the money in the sinking fund to be invested in improvement bonds of the borough and that payments had become due from the sinking fund and to meet them it was necessary to make a temporary loan which should be credited to the sinking fund in anticipation of the appropriation for sinking fund purposes for the year 1925 which was made from current revenues. The budget ordinance for the year 1925 specifically appropriated to the sinking fund $12,000 from the current tax levy for that year and against that current revenue the note of $7,000 was charged. In anticipation of the collection of taxes the borough borrowed from the plaintiff bank the amount necessary for its sinking fund payments and hence no debt violative of the Constitution was created for the reasons stated in the previous case.

The loan from the bank to the borough, having been valid when made, could not be invalidated by subsequent acts of the borough or by its failure to meet this and other obligations when they matured.

The order of the court is affirmed at appellants' cost.